**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 4:20-CR-00184 SEP |
| v. | ) | |
| | ) | |
| NAJEE NEAL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**GUILTY-PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1.    **PARTIES:**

The parties are the Defendant, Najee Neal, represented by defense counsel Philip Eisenhauer, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.   This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.   The Court is neither a party to nor bound by this agreement.

2.    **GUILTY PLEA:**

A.    **The Plea:**        Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Counts One, Two, Three, and Four of the Indictment, the United States agrees that no further federal prosecution will be

Page **1** of **19**

brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

      **B.**    **The Sentence:**     The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. **Further, based upon the unique circumstances of this case the parties jointly recommend a sentence of 156 months.**   If the Defendant is determined to be a Career Offender or Armed Career Criminal, the parties understand that the United States will not make this recommendation.

**3.**    **ELEMENTS:**

      **A.**    **Count One:**   As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 2119, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

              **(i)**    The Defendant took a Nissan Altima, vehicle identification number ("VIN") 1N4AL3AP8HC125014, from the presence of another;

              **(ii)**   The Defendant did so by means of force and violence or intimidation;

              **(iii)**  The Nissan Altima had been transported in interstate commerce; and

              **(iv)**  At or during the time the defendant took the Nissan Altima he intended to cause death or serious bodily injury.

    **B.**    **Count Two:**   As to Count Two, the Defendant admits to knowingly violating Title 18, United States Code, Section 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

              **(i)**    The Defendant committed a crime of violence; to wit: carjacking, as set forth in Count One of the indictment; and

      **(ii)**      The Defendant knowingly possessed and brandished a firearm in furtherance of that crime of violence.

  **C.**     **Counts Three and Four:**   As to Counts Three and Four, the Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

      **(i)**      The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

      **(ii)**      The Defendant, thereafter, knowingly possessed a firearm;

      **(iii)**     At the time the defendant knowingly possessed a firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

      **(iv)**     The firearm was transported across a state line at some point during or before the Defendant=s possession of it.

**4.**    **FACTS:**

    The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial.   These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Counts One, Two, and Three

    On February 27, 2020 at 3:30pm, K.K. parked his vehicle, a Nissan Altima, VIN 1N4AL3AP8HC125014, in a driveway located at 629 Meadowridge Lane, Kirkwood, Missouri, within the Eastern District of Missouri.   K.K. observed a black sedan stop on the street, directly behind K.K.'s car.  The Defendant exited the black sedan, approached K.K.'s Nissan Altima,

Page **3** of **19**

opened the door, and pointed a gun at K.K., with the intent to cause death or serious physical injury.   The Defendant ordered K.K. to get out of the Altima.   K.K. complied, at which time the Defendant ordered K.K. to empty his pockets.   K.K. gave his wallet and key fob to the Defendant, the Defendant frisked K.K., searching for additional items, then ordered K.K. to lay on the ground. A witness observed part of the interaction between K.K. and the Defendant and started to approach K.K.; K.K. yelled to the witness that the Defendant had a gun.   After K.K. laid on the ground, the Defendant got into the driver's seat of K.K.'s Nissan Altima and began driving out of the neighborhood, followed by the black sedan.   As the Defendant drove past the witness, he yelled a threatening statement at the witness, who was standing in a nearby yard.

The Kirkwood Police Department was contacted and quickly arrived at the scene.   While Kirkwood Police Department officers were talking to K.K., additional Kirkwood Police Department officers observed K.K.'s Nissan Altima on South Kirkwood Road, near the entrance to Interstate 44.   The officers activated their lights and sirens and attempted to pull over the Altima, however, the Defendant began driving at a high rate of speed, weaving in and out of traffic, and onto Interstate 44.   The Defendant drove in excess of 100 miles per hour on Interstate 44 and Kirkwood Police Department officers were unable to catch up to and stop the Defendant.

Less than forty-five minutes after Kirkwood Police Department officers were notified of the carjacking, St. Louis Metropolitan Police Department ("SLMPD") officers located K.K's Altima near the intersection of North Grand Boulevard and Lindbergh Boulevard.   SLMPD officers activated their lights and sirens and attempted to pull over the Altima, but the Defendant fled at a high rate of speed, violating traffic signals, driving onto sidewalks, and weaving in and out of traffic.   The Nissan Altima became disabled near the intersection of Davison Avenue and

Harney Avenue, in the City of Saint Louis.   When the Nissan Altima became disabled, the Defendant exited the Altima and ran from SLMPD officers.   Officers followed the Defendant and, during their pursuit, observed the Defendant in the gangway between 5462 and 5460 Genevieve Avenue, within the Eastern District of Missouri.   An officer observed the Defendant reaching toward the porch of 5462 Genevieve Avenue.   Fearing the Defendant was retrieving a weapon, the officer ordered the Defendant to stop and show his hands.   The Defendant ignored the officer and began to walk away from the porch.   The Defendant was arrested a short distance away from 5462 Genevieve Avenue.   On the porch on 5462 Genevieve Avenue, SLMPD officers located a Glock 19 pistol.   A search of the gangway in which the Defendant was located revealed a magazine for the Glock 19 pistol, loaded with 31 rounds of ammunition.

K.K.'s Nissan Altima, VIN 1N4AL3AP8HC125014, was determined to have been manufactured outside the State of Missouri, and, therefore, had transported across states lines and in interstate commerce.

The Glock 19 pistol was determined by an expert firearms examiner to have been manufactured outside the State of Missouri, and, therefore, the pistol had been transported across state lines and in interstate commerce prior to or during Defendant=s possession. The pistol can expel a projectile by the action of an explosive and is, therefore, a "firearm" as defined under federal law.   The Defendant admits possessing the Glock 19 firearm in furtherance of a crime of violence, specifically carjacking, as charged in Count One.

Prior to February 27, 2020, the Defendant was convicted of at least one felony crime punishable by imprisonment for a term exceeding one year. At the time the Defendant possessed

the aforementioned firearm, he knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

<u>Count Four</u>

On September 28, 2019, Saint Louis County Police Department ("SLCPD") officers were investigating reports of narcotics sales at the M & K Market, located at 12033 Bellefontaine Road, Saint Louis, Missouri, within the Eastern District of Missouri.   SLCPD officers conducted surveillance at the M & K Market, where they observed the Defendant pull into the parking lot in a Kia Soul and back in the southernmost parking spot on the parking lot, with the headlights off. Officers observed the Defendant speak to individuals who parked near him or came into or out of the Market.   At one point, officers observed what appeared to be a hand-to-hand narcotics transaction between the Defendant and the driver of a BMW sedan, who parked next to the Defendant.

SLCPD officers decided to speak to the Defendant, in an effort to further investigate.   As officers approached the Defendant, who was still seated in the driver's seat of the Kia Soul, they observed him move his hands near the center console of the vehicle.   Concerned he was retrieving a weapon, officers ordered the Defendant to put his hands on steering wheel. The Defendant initially complied, but then moved his hands toward the center console again.   The officers ordered the Defendant to get out the Kia Soul and the Defendant complied.   When the officers looked into the Kia Soul, they observed a pistol between the driver's seat and center console. Officers removed the pistol and identified it as an SCCY 9mm caliber pistol, loaded with two rounds of ammunition.   While retrieving the pistol, the officers smelled marijuana inside the

vehicle.   A further search of the Kia Soul located marijuana and a digital scale in the driver's side door of the Kia Soul.

The SCCY 9mm pistol was determined by an expert firearms examiner to have been manufactured outside the State of Missouri, and, therefore, the pistol had been transported across state lines and in interstate commerce prior to or during Defendant=s possession. The pistol can expel a projectile by the action of an explosive and is, therefore, a "firearm" as defined under federal law.

Prior to September 28, 2019, the Defendant was convicted of at least one felony crime punishable by imprisonment for a term exceeding one year. At the time the Defendant possessed the aforementioned firearm, he knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

5.      **STATUTORY PENALTIES:**

A.      **Statutory Penalties**:  The Defendant fully understands that the maximum possible penalties provided by law for the crimes to which the Defendant is pleading guilty are:

(i)      **Count One**:   imprisonment of not more than fifteen years, a fine of not more than $250,000, or both such imprisonment and fine.   The Court shall also impose a period of supervised release of not more than three years.

Page **7** of **19**

      (ii)    **Count Two**:   imprisonment of not less than seven years, but not more than life, consecutive to any other sentence imposed; a fine of not more than $250,000; or both such imprisonment and fine.  The Court also may impose a period of supervised release of not more than five years.  **The Defendant fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of seven years consecutive to any other sentence imposed.**

      (iii)    **Counts Three and Four**:   imprisonment of not more than ten years, a fine of not more than $250,000, or both such imprisonment and fine.  The Court also may impose a period of supervised release of not more than three years.

    In certain situations under Title 18, United States Code, Section 924(e)(Armed Career Criminal), Defendant may be subject to a mandatory minimum sentence of imprisonment of fifteen (15) years and a maximum of life, a fine of not more than $250,000, or both such imprisonment and fine, and a term of supervised release of not more than five years.  The Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to Defendant=s sentence.

**6.**    **U.S. SENTENCING GUIDELINES: 2018 MANUAL**

    The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.  As a preliminary matter, the parties agree that Counts One, Three, and Four group pursuant to the Section 3D1.1, et. seq.  The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

A.    **Offense Conduct**:

## COUNT ONE
## CARJACKING

(i)    **Chapter 2 Offense Conduct**:

(a)    **Base Offense Level**:   The parties agree that the Base Offense Level is 20, as found in Section 2B3.1(a).

(b)    **Specific Offense Characteristics**:   The parties agree that the following Specific Offense Characteristics apply: Two (2) levels will be added pursuant to 2B3.1(b)(5).

(ii)    **Chapter 3 and 4 Adjustments**:

(a)    **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the Defendant has clearly demonstrated acceptance of responsibility.   If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and the Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because the Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

## COUNT TWO
## POSSESSING AND BRANDISHING A FIREARM IN FURTHERANCE OF A CRIME OF VIOLENCE

(i)    **Chapter 2 Offense Conduct**:

(a)    **Base Offense Level**:   The parties agree that the Base Offense Level is found in Section 2K2.4(b).

(b)     **Specific Offense Characteristics**:   The parties agree that the following Specific Offense Characteristics apply: none known at this time.

(ii)    **Chapter 3 and 4 Adjustments**:   Pursuant to Section 2K2.4(b) and Application Note 5, Chapters Three and Four do not apply.   Therefore, as to Count Two, Defendant is not entitled to an acceptance of responsibility reduction under Section 3E1.1.

**COUNT THREE**
**FELON IN POSSESSION OF A FIREARM**

(i)     **Chapter 2 Offense Conduct**:

(a)     **Base Offense Level**:  The parties agree that the Base Offense Level is found in Section 2K2.1(a) and depends on, among other things, the nature of the Defendant's criminal history and the characteristics of the firearm.   The Base Offense Level may also be determined under Section 4B1.4 if Defendant is determined to be an Armed Career Criminal.

(b)     **Specific Offense Characteristics**:   The parties agree that the following Specific Offense Characteristics apply:

(1)     Four (4) levels will be added pursuant to 2K2.1(b)(6)(B), in that the Defendant possessed the firearm in connection with the offense of carjacking, in violation of Title 18, United States Code, Section 2119; and

(2)     Two (2) levels will be added pursuant to 3C1.2, because the Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement officers.

(ii)    **Chapter 3 and 4 Adjustments**:

(a)     **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the

Page **10** of 19

Defendant has clearly demonstrated acceptance of responsibility. If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and the Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because the Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**COUNT FOUR**
**FELON IN POSSESSION OF A FIREARM**

**(i)**      **Chapter 2 Offense Conduct**:

**(a)**      **Base Offense Level**:   The parties agree that the Base Offense Level is found in Section 2K2.1(a) and depends on, among other things, the nature of the Defendant's criminal history and the characteristics of the firearm.   The Base Offense Level may also be determined under Section 4B1.4 if Defendant is determined to be an Armed Career Criminal.

**(b)**      **Specific Offense Characteristics**:   The parties agree that the following Specific Offense Characteristics apply: none known at this time.

**(ii)**      **Chapter 3 and 4 Adjustments**:

**(a)**      **Acceptance of Responsibility:**  The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because the Defendant has clearly demonstrated acceptance of responsibility.   If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, and the Defendant is otherwise eligible, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because the Defendant timely notified authorities of the intention to enter a plea of

Page **11** of **19**

guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if the Defendant does not abide by all of the agreements made within this document, the Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that the Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of the Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with the Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**B.**     **Estimated Total Offense Level:**     Based on these recommendations, the parties estimate that the Total Offense Levels are as follows:

**(i)**     **Count One**:     The parties agree that the Total Offense Level for Count One is 19, unless the Defendant is a Career Offender. Depending on the underlying offense and defendant's criminal history, defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender.

**(ii)**     **Count Two:**     The parties agree that with respect to Count Two, the

Defendant will receive a mandatory minimum sentence of 84 months, which will run consecutively to any other sentence Defendant may receive. Depending on the underlying offense and defendant's criminal history, defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the defendant is or is not a Career Offender.

               **(iii)**   **Counts Three and Four:**   The parties agree that with respect to Counts Three and Four, the Total Offense Level will depend on the Base Offense Level determined pursuant to Section 2K2.1(a), along with other relevant factors stated above, unless the Defendant is an Armed Career Criminal. Depending on the underlying offense and the Defendant's criminal history, the Defendant could be an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4. If the Court finds the Defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not an Armed Career Criminal.

       **C.**   **Criminal History:**   The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

Page **13** of **19**

**D.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.   The parties may not have foreseen all applicable Guidelines.   The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**   **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**A.**   **Appeal:**   The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**i.**   **Non-Sentencing Issues:**   The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**ii.**   **Sentencing Issues:**   In the event the Court accepts the plea and sentences the Defendant consistent with or below the parties' jointly recommended sentence of 156 months, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History.   Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant consistent with or above the parties' jointly recommended sentence of 156 months.

**B.**   **Habeas Corpus:**   The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28,

United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

        **C.**    **Right to Records:**   The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

        **A.**    **Disclosures Required by the United States Probation Office:**   The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

        **B.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**   Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

        **C.**    **Supervised Release:**   Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed.   These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere.   Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code,

Section 3583(e)(3), without credit for the time served after release.   The Defendant understands that parole has been abolished.

  **D.** **Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $400, which the Defendant agrees to pay at the time of sentencing.   Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

  **E.** **Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  **F.** **Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision.   The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

  **G.** **Forfeiture:** The Defendant agrees to forfeit all of the Defendant's interest in all items seized by law-enforcement officials during the course of their investigation.   The Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity. The Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners.   The Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9.     **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.   The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.   The Defendant's counsel has explained these rights and the consequences of the waiver of these rights.   The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States= evidence and discussed the United States= case and all possible defenses and defense witnesses with defense counsel.   Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States= case and any defenses.

Page **17** of **19**

10.   **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case.   In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.   The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

11.   **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if the Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.   The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12.     **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

7/7/21
Date

Jennifer L. Szczucinski
Assistant United States Attorney

7/6/21
Date

Najee Neal
Defendant

7/6/21
Date

Philip Eisenhauer
Attorney for Defendant

Page **19** of **19**